Morgan, J.
Petitioners aver that they are the legal heirs of Rebecca Johnson, deceased; that she left property to a considerable amount; that immediately after her death the defendant took possession of her estate, he claiming to be her universal legatee under a pretended will, of which he caused himself to be appointed executor. This will, they aver, is null and void. They pray to be decreed the owners of the property left by the decedent, and that the pretended will be set aside and annulled. The suit was instituted in the district court. The defendants excepted to the jurisdiction of that court. The exception was maintained. A motion is made to dismiss the appeal. The ground relied upon is, that after the appeal was granted they filed a petition, similar to the one now under consideration, in the *626 parish court. This, they contend, is an acquiescence in the judgment. They claim that from a judgment acquiesced in no appeal will lie.
This is true. But the acquiescence which prohibits an appeal, or which destroys an appeal when taken, is the acquiescence in a decree which commands something to be done or given. If the thing commanded to be done or given, is done or given, the judgment is acquiesced in. It is a confession that the judgment is correct, and one can not admit that a judgment is correct and then appeal from it. Here nothing was ordered to be done. The judgment of the district court was simply that it had.no jurisdiction. It did not order them to institute proceedings in the parish court. The motion to dismiss is overruled.